IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. LANDI, | No. C 99-4301 SBA (PR) |
| Petitioner, | **ORDER DENYING RELIEF FROM JUDGMENT AND CLOSING CASE** |
| v. | |
| SCOTT KERNAN, Warden, | |
| Respondent. / | |

Before the Court is Petitioner's Motion for Relief from Judgment. The Court granted Respondent leave to file supplemental briefing in response. Respondent has filed his brief, and Petitioner filed a reply.

Having considered all the papers filed by the parties, the Court DENIES Petitioner relief from judgment.

**BACKGROUND**

On May 3, 2000, the Court issued an Order dismissing Petitioner's habeas corpus petition as untimely under the Antiterrorism and Effective Death Penalty Act of 1996.

On September 27, 2000, the Court denied Petitioner's Motion for Reconsideration.

On April 10, 2001, the Court granted Petitioner's Application for a Certification of Appealability. On March 20, 2002, the Ninth Circuit Court of Appeal affirmed this Court's dismissal. On July 31, 2002, the Ninth Circuit denied Petitioner's Motion for Rehearing.

On November 28, 2002, Petitioner filed a Petition for Writ of Certiorari to the United States Supreme Court. On March 26, 2003, certiorari was denied.

On October 3, 2003, the Ninth Circuit issued its decision in Spitsyn v. Moore, 345 F.3d 796 (9th Cir. 2003).

On March 15, 2004, Petitioner filed his Motion for Relief from Judgment. Petitioner asserts that under Rule 60(b)(6) of the Federal Rules of Civil Procedure, he is entitled to relief from judgment based on the Ninth Circuit's holding in Spitsyn.

On March 31, 2005, the Court granted Petitioner's motion for relief from judgment to the extent that the Court would "reconsider its decision granting Respondent's motion to dismiss" by ordering the Clerk of the Court to reopen the case. (Mar. 31, 2005 Order at 3.) In that Order, the Court also granted Respondent leave to file supplemental briefing in response to Petitioner's motion. Respondent's brief was filed on May 2, 2005, and Petitioner filed a reply on May 23, 2005.

On July, 17, 2006, the Court ordered the Clerk to revoke the filing of Petitioner's second habeas petition filed on January 3, 2005 in Landi v. Campbell, Case No. C 05-0022 SBA (pr), and to file that petition as an amended petition in the instant action.

**STANDARD OF REVIEW**

Rule 60(b) provides a mechanism for parties to seek relief from a judgment when "it is no longer equitable that the judgment should have prospective application," or when there is any other reason justifying relief from judgment. Jeff D. v. Kempthorne, 365 F.3d 844, 853-35 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)). Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

**DISCUSSION**

Petitioner relies on the Ninth Circuit's holding in Spitsyn and moves for relief from judgment on the basis that there has been an intervening change in controlling law on the issue of equitable tolling applicable to filing a writ of habeas corpus. He argues that the conduct of the attorney he retained to file his federal habeas corpus petition was sufficiently egregious to justify equitable tolling of the one-year limitations period. In Spitsyn, the court found that "[b]ased upon the unique

2

1 facts of this case, where an attorney was retained to prepare and file a petition, failed to do so, and
2 disregarded requests to return the files pertaining to petitioner's case until well after the date the
3 petition was due . . . equitable tolling of the deadline is appropriate." <u>Spitsyn</u>, 345 F.3d at 798. The
4 court held that "[the] misconduct of [petitioner]'s attorney was sufficiently egregious to justify
5 equitable tolling of the one-year limitations period [for the filing of a habeas corpus petition.]" <u>Id.</u> at
6 801.

7       The Ninth Circuit has consistently held that a change in applicable law after a judgment has
8 become final in all respects is not a sufficient basis for vacating the judgment. See <u>Delay v. Gordon</u>,
9 475 F.3d 1039, 1046 n.13 (9th Cir. 2007); <u>see also</u> <u>Tomlin v. McDaniel</u>, 865 F.2d 209, 210-11 (9th
10 Cir. 1989).

11       In <u>Tomlin</u>, the Ninth Circuit affirmed the dismissal of the plaintiff's complaint as time-barred
12 under the one-year statute of limitations as determined by applicable case law. <u>Id.</u> at 209. After the
13 judgment became final, the Arizona Court of Appeals issued a decision affecting the limitations
14 period such that under this new authority, Tomlin's complaint would not have been dismissed as
15 being untimely. <u>Id.</u> at 210. Tomlin moved to set aside the judgment under Rule 60(b)(5) and (6).
16 The Ninth Circuit stated that Rule 60(b)(5) initially appeared to be more favorable to Tomlin
17 because it permits relief when "a prior judgment upon which it is based has been reversed or
18 otherwise vacated." However, the court noted:

19
20
21
22
> . . . a change in the applicable law after a judgment has become final in all respects is not a sufficient basis for vacating the judgment. Moreover, the application is limited to a judgment based on a prior judgment reversed or otherwise vacated -- based in the sense of res judicata, or collateral estoppel, or somehow part of the same proceeding. The relation between the present judgment and the prior judgment must thus be closer than that of a later case relying on the precedent of an earlier case; the fact that the prior case provides a precedent for the later one is not sufficient.

23 <u>Id.</u> at 210-11 [citations omitted]. The Court denied Tomlin relief from judgment under Rule
24 60(b)(5) because the judgment against Tomlin had become final in all respects and the retroactive
25 application of the new authority to judgments already final is not a sufficient basis for vacating the
26 judgment. The court also denied Tomlin relief under Rule 60(b)(6) stating that it is a "catchall
27 provision" that has been invoked when "extraordinary circumstances" have prevented an appeal, and
28 that such circumstances did not exist for Tomlin, who had "appealed and the judgment against him

3

became final *before* the laws changed." Id.

Similarly, Petitioner's reliance on Spitsyn is misplaced. In Spitsyn, the Ninth Circuit addressed the petitioner's claim to equitable tolling while the action was still pending. Here, the judgment against Petitioner had become final in all respects on March 26, 2003, the date the United States Supreme Court denied Petitioner's petition for certiorari. On October 3, 2003, more than six months after the judgment against Petitioner had become final, the Ninth Circuit decided Spitsyn. The Court finds unavailing Petitioner's argument that applying the holding in Spitsyn retroactively would justify equitable tolling of his federal habeas limitations period. Petitioner's only basis for setting aside the judgment rests on his contention that the applicable law with respect to the issue of equitable tolling has been altered after the judgment in this case had been rendered. The judgment against Petitioner had become final in all respects before Spitsyn was decided. The fact that Spitsyn was decided subsequent to the final judgment rendered against Petitioner does not lend support to his argument because a change in applicable law is not a sufficient basis for vacating a final judgment. See Tomlin, 865 F.2d. at 210.

Rule 60(b) expressly states that "[a] motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation." Fed. R. Civ. P. 60(b); see also Hook v. Arizona Dept. of Corrections, 107 F.3d 1397, 1404 (9th Cir. 1997). "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." See Delay, 475 F.3d at 1044 (citations omitted). Here, there is no evidence in the record indicating that "extraordinary circumstances" have prevented Petitioner from appealing the judgment of dismissal. Petitioner's claim to equitable tolling was previously rejected when the Court granted Respondent's motion to dismiss. On appeal, the Ninth Circuit affirmed the dismissal and denied rehearing. Petitioner's writ of certiorari to the U.S. Supreme Court was also denied. Thus, the record does not demonstrate the existence of injury or circumstances beyond Petitioner's control that prevented him from proceeding with his action on the issue of equitable tolling. Rather, the record shows that Petitioner's claim to equitable tolling has been fully adjudicated on the merits before Spitsyn was decided. The Court therefore finds no basis to invoke relief under Rule 60(b)(6)

in the absence of Petitioner showing "extraordinary circumstances" that prevented him from appealing the judgment dismissing his habeas petition as untimely. Accordingly, Petitioner is not entitled to relief from judgment under Rule 60(b).[1]

**CONCLUSION**

For the foregoing reasons, the Court DENIES Petitioner relief from judgment entered on May 3, 2000. The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED:_12/6/07

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1] Because the Court has denied Petitioner relief from judgment for the reasons stated above, it need not address the merits of Petitioner's contention that his attorney's conduct could be sufficiently egregious to justify equitable tolling of the one-year limitations period under Spitsyn.

P:\PRO-SE\SBA\HC.99\Landi4301.denyRELIEF.wpd         5

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

LANDI,

        Plaintiff,

v.

HICKMAN,

        Defendant.

Case Number: CV99-04301 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 7, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Jerry Landi #E-31433
MCSP
Mule Creek State Prison
P.O. Box 409040
Ione, CA 95640

Dated: December 7, 2007

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.99\Landi4301.denyRELIEF.wpd    6